UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASHREQBANK, PSC,<br><br>                    Plaintiff,<br><br>                    v.<br><br>ING GROEP N.V., ING INVESTMENT<br>MANAGEMENT COMPANY a/k/a ING<br>INVESTMENT MANAGEMENT U.S.,<br>ING MANAGED ACCOUNT GROUP or<br>ING INVESTMENT MANAGEMENT<br>AMERICAS, RICHARD KILBRIDE, and<br>DOES 1-10 inclusive,<br><br>                    Defendants. | No. 13-cv- 02318 (LGS)<br><br>ECF Case<br><br>__AMENDED ANSWER__ |

## DEFENDANTS' AMENDED ANSWER TO COMPLAINT

ING Investment Management Co. ("IIM")[1], by and through its attorneys, hereby

answers the Complaint of MashreqBank, psc ("Mashreq").[2]

1.      IIM denies the allegations in Paragraph 1 of the Complaint.

2.      IIM denies the allegations in Paragraph 2 of the Complaint, except admits

that Mashreq held an account with IIM beginning in or around 2005 and that IIM and Mashreq

discussed revisions to the investment guidelines governing Mashreq's account in or around

November 2006.

---

[1]   Effective December 31, 2011, ING Investment Management Co. became ING Investment Management Co. LLC.   Furthermore, although the Complaint names "ING Managed Account Group or ING Investment Management Americas" as purported defendants, neither is an actual corporate entity.

[2]   Because the Court's October 25, 2013 Opinion and Order dismissed the sole cause of action against Richard Kilbride, Mr. Kilbride need not, and does not, answer the Complaint.  To the extent the first paragraph of the Complaint contains factual allegations, IIM denies them, except admits that Mashreq and IIM were parties to an Investment Management Agreement beginning in or around 2005 and that IIM and Mashreq executed the Revised 2007 Mandate on or about February 5, 2007, and respectfully refers the Court to the Investment Management Agreement and the Revised 2007 Mandate for their actual language and complete contents as well as to the monthly statements for Mashreq's account with IIM for the amounts invested in the account during the relevant time period.

3.      IIM denies the allegations in Paragraph 3 of the Complaint.

4.      IIM denies the allegations in Paragraph 4 of the Complaint, except admits that the parties exchanged drafts of revised investment guidelines and executed the Revised 2007 Mandate on or about February 5, 2007, and respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

5.      IIM denies the allegations in Paragraph 5 of the Complaint.

6.      IIM denies the allegations in Paragraph 6 of the Complaint, except admits that the 11 securities were classified in various reports as asset-backed securities.

7.      IIM denies the allegations in Paragraph 7 of the Complaint, and respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

8.      IIM denies the allegations in Paragraph 8 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Mashreq's research regarding the 11 securities.

9.      IIM denies the allegations in Paragraph 9 of the Complaint.

10.     To the extent that Paragraph 10 of the Complaint states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, IIM denies the allegations in Paragraph 10 of the Complaint.

11.     IIM denies the allegations in Paragraph 11 of the Complaint, and respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

12.     IIM denies the allegations in Paragraph 12 of the Complaint.

13.     IIM denies the allegations in Paragraph 13 of the Complaint.

14.     IIM denies the allegations in Paragraph 14 of the Complaint.

**PARTIES**

15.     IIM admits, upon information and belief, the allegation in Paragraph 15 of the Complaint concerning Mashreq's principal place of business, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Mashreq's business.

16.     IIM denies the allegations in Paragraph 16 of the Complaint, except admits that ING Groep is a publicly listed company in the Netherlands.

17.     IIM denies the allegations in Paragraph 17 of the Complaint, except admits that IIM is based in the United States and that it manages investments for individual and institutional investors.

18.     IIM denies the allegations in Paragraph 18 of the Complaint, except admits that Mr. Kilbride served as head of fixed income managed accounts at IIM, that he was the portfolio manager for Mashreq's account with IIM and that he was previously employed at Merrill Lynch.

19.     IIM denies the allegations in Paragraph 19 of the Complaint, except admits that Mr. Kauffmann served as the head of the fixed income group at IIM and that he was previously employed at Drexel Burnham Lambert and respectfully refers the Court to Mr. Kauffmann's public biography and supplement filed with the SEC for their actual language and complete contents.

20.     IIM denies the allegations in Paragraph 20 of the Complaint, except admits that Mr. Kinsey served as a senior product specialist while employed at IIM, that he was previously employed at Pilgrim Funds and that he is currently employed at Oppenheimer Funds.

21.     IIM denies the allegations in Paragraph 21 of the Complaint.

22.     IIM denies the allegations in Paragraph 22 of the Complaint, except admits that the Complaint purports to name John Doe defendants and avers that the deadline for amending the pleadings imposed by the Court's May 30, 2013 Civil Case Management Plan and Scheduling Order was June 21, 2013, and that, under Section III.C.2 of the Court's Individual Rules and Procedures, there are no further opportunities to amend the pleadings.

23.     IIM denies the allegations in Paragraph 23 of the Complaint, except admits that Mr. Kilbride was an agent of IIM.

## JURISDICTION AND VENUE

24.     To the extent that Paragraph 24 of the Complaint states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, IIM admits, upon information and belief, that Mashreq has its principal place of business in the United Arab Emirates, that IIM is headquartered in New York and that Mr. Kilbride was a United States resident at the time of the events alleged in the Complaint.  IIM further admits that Mashreq purports to allege subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)-(d).

25.     To the extent that Paragraph 25 of the Complaint states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, IIM denies that there were any violations of law, misrepresentations or omissions on the part of IIM.

26.     IIM admits the allegations in Paragraph 26 of the Complaint, and respectfully refers the Court to the parties' Investment Management Agreement for its actual language and complete content.

## SUBSTANTIVE ALLEGATIONS

27.     IIM denies the allegations in Paragraph 27 of the Complaint, except admits that Mashreq and IIM were parties to an Investment Management Agreement.

28.     IIM denies the allegations in Paragraph 28 of the Complaint except respectfully refers the Court to Exhibit 3 of the Complaint for its actual language and complete content.

29.     IIM denies the allegations in Paragraph 29 of the Complaint except respectfully refers the Court to Exhibit 3 of the Complaint for its actual language and complete content.

30.     IIM denies the allegations in Paragraph 30 of the Complaint except respectfully refers the Court to Exhibit 3 of the Complaint for its actual language and complete content.

31.     IIM denies the allegations in Paragraph 31 of the Complaint except respectfully refers the Court to Exhibit 3 of the Complaint for its actual language and complete content.

32.     IIM denies the allegations in Paragraph 32 of the Complaint, except admits that Mashreq and IIM were parties to an Investment Management Agreement and the Revised 2007 Mandate.

33.     IIM denies the allegations in Paragraph 33 of the Complaint except respectfully refers the Court to Exhibit 3 of the Complaint for its actual language and complete content.

34.     IIM denies the allegations in Paragraph 34 of the Complaint, except respectfully refers the Court to Exhibit 3 to the Complaint for its actual language and complete content.

35.     IIM denies the allegations in Paragraph 35 of the Complaint, except respectfully refers the Court to the Investment Management Agreement for its actual language and complete content.

36.     IIM denies the allegations in Paragraph 36 of the Complaint, except respectfully refers the Court to the Investment Management Agreement for its actual language and complete content.

37.     IIM denies the allegations in Paragraph 37 of the Complaint, except respectfully refers the Court to the Investment Management Agreement for its actual language and complete content.

38.     IIM denies the allegations in Paragraph 38 of the Complaint, except admits that Mashreq and IIM entered into revised investment guidelines at various points during their relationship, and respectfully refers the Court to those guidelines for their actual language and complete contents.

39.     IIM denies the allegations in Paragraph 39 of the Complaint, except admits that representatives of Mashreq and IIM met in New York on November 2, 2006 to discuss revisions to the guidelines governing Mashreq's account.

40.     IIM denies the allegations in Paragraph 40 of the Complaint, except respectfully refers the Court to Exhibit 4 of the Complaint for its actual language and complete content.

41.     IIM denies the allegations in Paragraph 41 of the Complaint, except respectfully refers the Court to Exhibit 4 of the Complaint for its actual language and complete content.

42.     IIM denies the allegations in Paragraph 42 of the Complaint, except respectfully refers the Court to Exhibit 4 of the Complaint for its actual language and complete content.

43.     IIM denies the allegations in Paragraph 43 of the Complaint, except respectfully refers the Court to Exhibit 4 of the Complaint for its actual language and complete content.

44.     IIM denies the allegations in Paragraph 44 of the Complaint, except respectfully refers the Court to Exhibit 4 of the Complaint for its actual language and complete content.

45.     IIM denies the allegations in Paragraph 45 of the Complaint, except respectfully refers the Court to Exhibit 4 of the Complaint for its actual language and complete content.

46.     IIM denies the allegations in Paragraph 46 of the Complaint, except respectfully refers the Court to Exhibit 4 of the Complaint for its actual language and complete content.

47.     IIM denies the allegations in Paragraph 47 of the Complaint, except respectfully refers the Court to Exhibit 4 of the Complaint for its actual language and complete content.

48.     IIM denies the allegations in Paragraph 48 of the Complaint.

49.     IIM denies the allegations in Paragraph 49 of the Complaint, except respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

50.     IIM denies the allegations in Paragraph 50 of the Complaint, except respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

51.     IIM denies the allegations in Paragraph 51 of the Complaint, except respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

52.     IIM denies the allegations in Paragraph 52 of the Complaint, except respectfully refers the Court to Exhibit 4 of the Complaint and the Revised 2007 Mandate for their actual language and complete contents.

53.     IIM denies the allegations in Paragraph 53 of the Complaint, except respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

54.     IIM denies the allegations in Paragraph 54 of the Complaint, except respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

55.     IIM denies the allegations in Paragraph 55 of the Complaint, except respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

56.     IIM denies the allegations in Paragraph 56 of the Complaint, except respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

57.     IIM denies the allegations in Paragraph 57 of the Complaint.

58.     IIM denies the allegations in Paragraph 58 of the Complaint.

59.     IIM denies the allegations in Paragraph 59 of the Complaint.

60.     IIM denies the allegations in Paragraph 60 of the Complaint.

61.     IIM denies the allegations in Paragraph 61 of the Complaint, except admits that Mashreq and IIM participated in a conference call concerning the account on or about July 31, 2007.

62.     IIM denies the allegations in Paragraph 62 of the Complaint.

63.     IIM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Complaint.

64.     IIM denies the allegations in Paragraph 64 of the Complaint.

65.     IIM denies the allegations in Paragraph 65 of the Complaint, except admits that IIM representatives sent emails to Mashreq representatives on August 24, 2007 and September 16, 2007, and respectfully refers the Court to Exhibits 5 and 6 of the Complaint for their actual language and complete contents.

66.     IIM denies the allegations in Paragraph 66 of the Complaint, except respectfully refers the Court to Exhibit 5 of the Complaint for its actual language and complete content.

67.     IIM denies the allegations in Paragraph 67 of the Complaint, except respectfully refers the Court to Exhibit 5 of the Complaint for its actual language and complete content.

68.     IIM denies the allegations in Paragraph 68 of the Complaint, except respectfully refers the Court to Exhibit 5 of the Complaint for its actual language and complete content.

69.     IIM denies the allegations in Paragraph 69 of the Complaint, except respectfully refers the Court to Exhibit 5 of the Complaint for its actual language and complete content.

70.     IIM denies the allegations in Paragraph 70 of the Complaint, except respectfully refers the Court to Exhibit 6 of the Complaint for its actual language and complete content.

71.     IIM denies the allegations in Paragraph 71 of the Complaint, except respectfully refers the Court to Exhibit 6 of the Complaint for its actual language and complete content.

72.     IIM denies the allegations in Paragraph 72 of the Complaint, except respectfully refers the Court to Exhibit 6 of the Complaint for its actual language and complete content.

73.     IIM denies the allegations in Paragraph 73 of the Complaint, except respectfully refers the Court to Exhibit 7 of the Complaint for its actual language and complete content and admits that IIM sought the advice of counsel in September 2007.

74.     IIM denies the allegations in Paragraph 74 of the Complaint, except respectfully refers the Court to the documents referenced therein for their actual language and complete contents.

75.     IIM denies the allegations in Paragraph 75 of the Complaint, except respectfully refers the Court to Exhibit 7 of the Complaint for its actual language and complete content.

76.     IIM denies the allegations in Paragraph 76 of the Complaint, except respectfully refers the Court to Exhibits 5 and 7 of the Complaint for their actual language and complete contents.

77.     IIM denies the allegations in Paragraph 77 of the Complaint, except admits that certain financial instruments, including CDOs and CLOs, contain embedded leverage.

78.     IIM denies the allegations in Paragraph 78 of the Complaint, except respectfully refers the Court to the documents referenced therein for their actual language and complete contents.

79.     IIM denies the allegations in Paragraph 79 of the Complaint.

80.     IIM denies the allegations in Paragraph 80 of the Complaint, except respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

81.     IIM denies the allegations in Paragraph 81 of the Complaint, except respectfully refers the Court to the Revised 2007 Mandate for its actual language and complete content.

82.     IIM denies the allegations in Paragraph 82 of the Complaint, except respectfully refers the Court to Exhibit 7 of the Complaint for its actual language and complete content.

83.     IIM denies the allegations in Paragraph 83 of the Complaint, except respectfully refers the Court to Exhibit 7 of the Complaint for its actual language and complete content.

84.     IIM denies the allegations in Paragraph 84 of the Complaint, except respectfully refers the Court to Exhibit 7 of the Complaint for its actual language and complete content.

85.     IIM denies the allegations in Paragraph 85 of the Complaint, except respectfully refers the Court to Exhibit 7 of the Complaint for its actual language and complete content.

86.     IIM denies the allegations in Paragraph 86 of the Complaint.

87.     IIM denies the allegations in Paragraph 87 of the Complaint, except admits that Mashreq and IIM engaged in discussions concerning a settlement relating to two of the 11 securities.

88.     IIM denies the allegations in Paragraph 88 of the Complaint.

89.     IIM denies the allegations in Paragraph 89 of the Complaint, except admits that the parties' discussions concerning a settlement relating to two of the 11 securities did not result in a settlement.

90.     IIM denies the allegations in Paragraph 90 of the Complaint, except admits that certain reports provided by IIM to Mashreq referred to certain of the securities in Mashreq's account by, among other things, the names identified in Paragraph 90.

91.     IIM denies the allegations in Paragraph 91 of the Complaint.

92.     IIM denies the allegations in Paragraph 92 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Mashreq's investigation concerning the 11 securities.

93.     IIM denies the allegations in Paragraph 93 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Mashreq's investigation concerning the 11 securities.

94.     IIM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the Complaint regarding the manner in which the 11 securities in question have been described, and otherwise denies the allegations in Paragraph 94 of the Complaint.

95.     IIM denies the allegations in Paragraph 95 of the Complaint, except admits that IIM purchased a security for Mashreq's account referred to as Madison Park Funding Ltd.

96.     IIM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 of the Complaint regarding Mashreq's supposed investigation, except admits that the security IIM purchased for Mashreq's account referred to as Madison Park Funding Ltd. was not registered with the SEC, and otherwise denies the allegations in Paragraph 96 of the Complaint.

97.     IIM denies the allegations in Paragraph 97 of the Complaint, except admits that IIM bought a tranche known as Madison Park Ltd IV for Mashreq's account.

98.     IIM denies the allegations in Paragraph 98 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual

language and complete contents, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Mashreq's analysis of the offering materials in Paragraph 98 of the Complaint.

       99.     To the extent Paragraph 99 of the Complaint contains factual allegations, IIM denies them.

       100.    IIM denies the allegations in Paragraph 100 of the Complaint, except admits that the 11 securities were not registered with the SEC.

       101.    IIM denies the allegations in Paragraph 101 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

       102.    IIM denies the allegations in Paragraph 102 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

       103.    IIM denies the allegations in Paragraph 103 of the Complaint.

       104.    IIM denies the allegations in Paragraph 104 of the Complaint, except admits that IIM purchased $10 million of a security referred to as Madison Park Funding IV for Mashreq's account, and respectfully refers the Court to the offering materials for that security for their actual language and complete contents.

       105.    IIM denies the allegations in Paragraph 105 of the Complaint, except admits that the securities purchased for Mashreq's account had various maturities, and respectfully refers the Court to the offering materials for those securities for their actual language and complete contents.

       106.    IIM denies the allegations in Paragraph 106 of the Complaint.

107.    IIM denies the allegations in Paragraph 107 of the Complaint, except admits that the securities purchased for Mashreq's account had various maturities and that the offering materials for some of the securities purchased for Mashreq's account contained addresses in Delaware and the Cayman Islands, and respectfully refers the Court to those offering materials for the 11 securities for their actual language and complete contents.

108.    IIM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108 of the Complaint.

109.    IIM denies the allegations in Paragraph 109 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

110.    IIM denies the allegations in Paragraph 110 of the Complaint.

111.    IIM denies the allegations in Paragraph 111 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

112.    IIM denies the allegations in Paragraph 112 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

113.    IIM denies the allegations in Paragraph 113 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

114.    IIM denies the allegations in Paragraph 114 of the Complaint.

115.    IIM denies the allegations in Paragraph 115 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

116.    IIM denies the allegations in Paragraph 116 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

117.    IIM denies the allegations in Paragraph 117 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

118.    IIM denies the allegations in Paragraph 118 of the Complaint, except and respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the number of words in the offering materials relating to "conflicts of interests."

119.    IIM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 of the Complaint.

120.    IIM denies the allegations in Paragraph 120 of the Complaint, except respectfully refers the Court to the article described therein for its actual language and complete content.

121.    IIM denies the allegations in Paragraph 121 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

122.    IIM denies the allegations in Paragraph 122 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the conduct of Credit Suisse and Goldman Sachs in Paragraph 122 of the Complaint.

123.    IIM denies the allegations in Paragraph 123 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

124.    IIM denies the allegations in Paragraph 124 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

125.    IIM denies the allegations in Paragraph 125 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

126.    IIM denies the allegations in Paragraph 126 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

127.    IIM denies the allegations in Paragraph 127 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

128.    IIM denies the allegations in Paragraph 128 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

129.   IIM denies the allegations in Paragraph 129 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

130.   IIM denies the allegations in Paragraph 130 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

131.   IIM denies the allegations in Paragraph 131 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

132.   IIM denies the allegations in Paragraph 132 of the Complaint.

133.   IIM denies the allegations in Paragraph 133 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

134.   IIM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134 of the Complaint regarding accountants or auditors, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

135.   IIM denies the allegations in Paragraph 135 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

136.   IIM denies the allegations in Paragraph 136 of the Complaint.

137.   IIM denies the allegations in Paragraph 137 of the Complaint.

138.    IIM denies the allegations in Paragraph 138 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

139.    IIM denies the allegations in Paragraph 139 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

140.    IIM denies the allegations in Paragraph 140 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

141.    IIM denies the allegations in Paragraph 141 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

142.    IIM denies the allegations in Paragraph 142 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

143.    IIM denies the allegations in Paragraph 143 of the Complaint, except respectfully refers the Court to the offering materials for the 11 securities for their actual language and complete contents.

144.    IIM is not obligated to respond to the allegations in Paragraph 144 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.  To the extent that a response is required, IIM denies the allegations in Paragraph 144 of the Complaint.

145.    IIM is not obligated to respond to the allegations in Paragraph 145 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.  To the extent that a response is required, IIM denies the allegations in Paragraph 145 of the Complaint.

146.    IIM is not obligated to respond to the allegations in Paragraph 146 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.  To the extent that a response is required, IIM denies the allegations in Paragraph 146 of the Complaint, except respectfully refers the Court to Exhibit 3 of the Complaint for its actual language and complete content.

147.    IIM is not obligated to respond to the allegations in Paragraph 147 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.  To the extent that a response is required, IIM denies the allegations in Paragraph 147 of the Complaint.

148.    IIM is not obligated to respond to the allegations in Paragraph 148 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.  To the extent that a response is required, IIM denies the allegations in Paragraph 148 of the Complaint, except respectfully refers the Court to the documents referenced therein for their actual language and complete contents.

149.    IIM is not obligated to respond to the allegations in Paragraph 149 and footnote 6 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.  To the extent that a response is required, IIM denies the allegations in Paragraph 149 and footnote 6 of the Complaint.

150.    IIM is not obligated to respond to the allegations in Paragraph 150 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.  To the extent that a response is required, IIM denies the allegations in Paragraph 150 of the Complaint, except respectfully refers the Court to Exhibit 7 of the Complaint for its actual language and complete content.

151.    IIM is not obligated to respond to the allegations in Paragraph 151 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.  To the extent that a response is required, IIM denies the allegations in Paragraph 151 of the Complaint.  To the extent that Paragraph 151 of the Complaint contains factual allegations, IIM denies them.

152.    IIM is not obligated to respond to the allegations in Paragraph 152 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.  To the extent that a response is required, IIM denies the allegations in Paragraph 152 of the Complaint.

**PURPORTED DAMAGES**

153.    IIM denies the allegations in Paragraph 153 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Mashreq's sales of the 11 securities in 2010.

**PURPORTED COUNT I**

154.    IIM restates and incorporates its responses to Paragraphs 1 to 153 of the Complaint as though fully set forth herein.

155.    IIM denies the allegations in Paragraph 155 of the Complaint, except admits that Mashreq and IIM were parties to an Investment Management Agreement and

respectfully refers the Court to the Investment Management Agreement for its actual language and complete content.

156.   IIM denies the allegations in Paragraph 156 of the Complaint.

157.   IIM denies the allegations in Paragraph 157 of the Complaint.

158.   IIM denies the allegations in Paragraph 158 of the Complaint

159.   IIM denies the allegations in Paragraph 159 of the Complaint.

**PURPORTED COUNT II**

160.   IIM restates and incorporates its responses to Paragraphs 1 to 159 of the Complaint as though fully set forth herein.

161.   IIM is not obligated to respond to the allegations in Paragraph 161 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

162.   IIM is not obligated to respond to the allegations in Paragraph 162 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

163.   IIM is not obligated to respond to the allegations in Paragraph 163 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

164.   IIM is not obligated to respond to the allegations in Paragraph 164 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

165.     IIM is not obligated to respond to the allegations in Paragraph 165 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

166.     IIM is not obligated to respond to the allegations in Paragraph 166 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

167.     IIM is not obligated to respond to the allegations in Paragraph 167 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

168.     IIM is not obligated to respond to the allegations in Paragraph 168 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

**PURPORTED COUNT III**

169.     IIM restates and incorporates its responses to Paragraphs 1 to 168 of the Complaint as though fully set forth herein.

170.     IIM is not obligated to respond to the allegations in Paragraph 170 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

171.     IIM is not obligated to respond to the allegations in Paragraph 171 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

172.     IIM is not obligated to respond to the allegations in Paragraph 172 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

173.     IIM is not obligated to respond to the allegations in Paragraph 173 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

174.     IIM is not obligated to respond to the allegations in Paragraph 174 of the Complaint because the cause of action to which those allegations relate was dismissed by the Court in its October 25, 2013 Opinion and Order.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Mashreq's claim is barred, in whole or in part, by applicable statutes of limitations and/or the doctrine of waiver.

### SECOND AFFIRMATIVE DEFENSE

Mashreq has failed to mitigate any damages it allegedly suffered.

### THIRD AFFIRMATIVE DEFENSE

Mashreq's alleged damages, if any, are speculative, remote, not of the nature or the extent alleged, and are not recoverable.

### FOURTH AFFIRMATIVE DEFENSE

Mashreq is not entitled to recover attorneys' fees, experts' fees, or other costs and expenses.

### FIFTH AFFIRMATIVE DEFENSE

Mashreq's claim is barred by the plain language of the parties' agreements.

## SIXTH AFFIRMATIVE DEFENSE

IIM is not liable to Mashreq because the purchases IIM made were entirely suitable for the account at the time of purchase.

## SEVENTH AFFIRMATIVE DEFENSE

Mashreq's claim is barred because of Mashreq's assumption and acceptance of the risk of loss regarding each of the investments in its account. Mashreq assumed the risk of these investments and was fully advised of and understood the nature of and risks inherent in its investments.

## EIGHTH AFFIRMATIVE DEFENSE

Mashreq's claim is barred because it failed to timely object to, or to disaffirm, the transactions that allegedly gave rise to its losses.

## NINTH AFFIRMATIVE DEFENSE

Mashreq's claim is barred because Mashreq did not timely object to the purchases of the securities at issue pursuant to Sections 2(d) and 14 of the Investment Management Agreement and therefore each such purchase was deemed to be in compliance with the Revised 2007 Mandate.

## TENTH AFFIRMATIVE DEFENSE

Mashreq's claim fails based on the doctrine of impossibility.

## ELEVENTH AFFIRMATIVE DEFENSE

Mashreq's second and third causes of action were dismissed by the Court in its October 25, 2013 Opinion and Order.

## RESERVATION OF RIGHTS

IIM expressly reserves the right to amend and/or supplement this Amended
Answer and the Affirmative Defenses.  IIM asserts all defenses (affirmative or otherwise) that
may be revealed during the course of discovery or other investigation.

## IIM'S COUNTERCLAIM AGAINST MASHREQ

Defendant and Counterclaim Plaintiff IIM, by and through its undersigned
attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP, for its counterclaim against plaintiff
Mashreq, alleges as follows:

## THE PARTIES

175.    IIM, a U.S.-based asset management firm, is a Delaware limited liability
company with its principal place of business in New York.

176.    Mashreq is, on information and belief, a financial institution based in
Dubai, United Arab Emirates with its principal place of business in the United Arab Emirates.

## SUBSTANTIVE ALLEGATIONS

177.    IIM and Mashreq were parties to a February 2005 Investment
Management Agreement (the "IMA").

178.    Section 10 of the IMA is entitled "Liability and Indemnification" and
states as follows:  "To the extent permitted by applicable law, IIM shall not be liable for, and
shall be indemnified and held harmless by Client against, any loss, liability or expense
(including, but not limited to, reasonable counsel fees and expenses) arising out of any action
taken or omitted to be taken by IIM, except for actions or omissions resulting from IIM's gross
negligence or bad faith.  IIM shall have no liability to any person for the acts or omissions of any
third party or for any losses related to the Account's investment performance."

179.    Mashreq has brought an action in this Court against IIM alleging a breach of the IMA.

180.    IIM in no way breached the IMA.

181.    IIM in no way committed any act or omission that caused Mashreq to incur any loss, liability or expense.

182.    IIM in no way exhibited gross negligence or bad faith.

183.    Under Section 10 of the IMA, Mashreq is required to indemnify and to hold IIM harmless against any loss, liability or expense (including, but not limited to, reasonable counsel fees and expenses) arising out of any action taken or omitted to be taken by IIM.

WHEREFORE, IIM respectfully requests that the Court issue an Order:  (1) dismissing the Complaint in its entirety and with prejudice; (2) awarding IIM any reasonable counsel fees, expenses and disbursements in connection with this action; and (3) granting to IIM such other relief as this Court deems just and proper.

Dated:  November 25, 2013
New York, New York

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP


By:  /s/ Daniel J. Toal
    Brad S. Karp
    Daniel J. Toal
    Liza M. Velazquez
    Gregory F. Laufer

1285 Avenue of the Americas
New York, New York 10019-6064
Tel. (212) 373-3000
Fax (212) 757-3990
bkarp@paulweiss.com
dtoal@paulweiss.com
lvelazquez@paulweiss.com
glaufer@paulweiss.com

*Attorneys for Defendants.*